## JOHN L. EMMONS & another *vs.* EBENEZER HAYWARD.

The defendant, on the 25th of March, 1835, by an instrument in writing signed by him, acknowledged the receipt of certain property from the plaintiffs, who were the assignees for the benefit of creditors of an insolvent debtor, and therein promised to pay for the same on demand; it being stipulated, that the demand should not be made until the assignees had made up their account previous to declaring a second dividend under the assignment. The defendant brought a bill in equity, in 1836, against the plaintiffs, as such assignees, which was pending until March, 1847, and during its pendency prevented the plaintiffs from preparing an account for a second dividend under the assignment. The plaintiffs made a demand, and at the same time presented their account, on the 23d of May, 1848  In an action on the agreement, it was held, that the defendant could not object, that the last demand was not made on him within a reasonable time.

THIS was an action of assumpsit by the plaintiffs, as the

assignees, under an assignment for the benefit of creditors, executed by James V. Gale, before the passage of the insolvent law, against the defendant on a written agreement signed by him, and bearing date on the 25th of March, 1835.

This action was commenced on the 16th of June, 1848.

The agreement was written at the foot of a schedule of property, consisting of certain notes and a part of a schooner, with the prices specified, amounting in the whole to $551.50½, and entitled, " Purchases made by Ebenezer Hayward." The agreement was as follows :—

" Boston, March 25, 1835. Received of Edward Blake, acting for assignees of James V. Gale, the notes of hand and one fourth of schooner Eliza Ann, at the rates above named ; and I promise to pay said sum of five hundred and fifty-one dollars 50½ to said assignees on demand.

" And it is understood that said amount shall not be de‹ manded till said assignees shall make up their accounts previous to making the second dividend under said Gale's assignment."

The principal ground of defence relied upon was the statute of limitations. The trial was before *Bigelow*, J., in the court of common pleas.

It was in evidence for the plaintiffs, that on the 17th of June, 1847, a written demand of payment of the sum mentioned in the agreement was made by them on the defendant. The demand was left by the plaintiffs' messenger at the defendant's dwelling-house; he being then absent from home and not expected to return for a week; but the messenger did not have with him the agreement declared on, nor any account of the assignees of James V. Gale. The plaintiffs, immediately afterwards, commenced an action which was subsequently discontinued, on objection being made by the defendant to the sufficiency of the demand.

It was also in evidence, that a second written demand was made on the 23d of May, 1848. This demand was delivered to the defendant by an officer, who, at the same time, presented him with a statement of the account of the assignees of Gale. The defendant refused to pay, and stated to the officer that he did not hold more than enough to cover his claims against Gale or his assignees.

It further appeared in evidence, for the plaintiffs, that, on the 26th of March, 1835, they received a notice signed by the defendant and other creditors of Gale, of which the following is a copy:—

" To Edward Blake, Esq., and John L. Emmons, assignees of James V. Gale. The undersigned, creditors of said Gale, and parties to the assignment, hereby give you notice not to pay over to Benjamin Gale, Charles Gibson, or John Gibson, any of the property or the proceeds thereof conveyed to you by said assignment, as we have reason to believe, and do believe, that they are not legally entitled to receive any thing under said assignment. We also give you notice to reclaim from said persons any money you may have paid to them, or either of them, under said assignment, for the reasons aforesaid."

The defendant and other creditors of Gale, at the March term, 1836, of this court, brought a bill in equity against the plaintiffs, as the assignees, which was continued from term to term, for eleven years, and was then dismissed without costs, at the March term, 1847. In this case, the defendants filed their answers in May and June, 1836, and the plaintiffs their replication in the September following. The defendants' solicitor in the cause, on the 6th of February, 1837, addressed a letter to the solicitors for the plaintiffs therein, reminding them that he had already made a motion in court, that the cause should be set down for a hearing, agreeably to the rules of the court, and informing them that he should urge a hearing when the court should take up the chancery cases.

The presiding judge, upon these facts, for the purposes of the trial, instructed the jury, that the plaintiffs were bound to make a demand on the defendant, within a reasonable time after the date of the instrument declared on ; that neither of the demands in evidence was made within such reasonable time ; and consequently that the action was barred by the statute of limitations.

The jury thereupon returned a verdict for the defendant, and the plaintiffs excepted.

*E. Blake,* for the plaintiffs

*F. B. Crowninshield*, for the defendant.

METCALF, J.　The court are of opinion that the proper construction of the agreement sued on is, that payment should be made by the defendant, upon demand being made on him, after the assignees (the plaintiffs) should have made up their account preparatory to a second dividend under Gale's assignment.

The plaintiffs made an insufficient demand on the defendant, in June, 1847, and brought a suit against him which was discontinued, on the defendant's objection to the demand. Another demand was made upon the defendant, on the 23d of May, 1848, and this action was brought upon his refusal to pay.

The defendant relies on the statute of limitations; contending that a demand should have been made on him within a reasonable time after the date of his agreement, (March, 1835,) and that such reasonable time had elapsed more than six years before May, 1848, when the last demand was made.　And so the judge ruled at the trial.

Upon consideration, we are all of opinion that this ruling was incorrect, and that, upon the facts of the case, the defendant cannot be allowed to object that the last demand was not made on him within a reasonable time.　He brought a bill in equity, in 1836, which delayed the assignees' proceedings for several years, and prevented their preparing an account previously to making a second dividend under the assignment. And we see no reason for ascribing this delay to the plaintiffs more than to the defendant.　Indeed the only effort, which the facts show, to bring the proceedings on the bill to a close, was made by the plaintiffs.　That effort was not made till a late day; yet the defendant cannot fairly complain that it was not made seasonably, and assert that he was, for that cause, legally exonerated from his liability to perform his promise. Whoever else has suffered by that delay, the defendant has not suffered, but has been benefited by it.　He had the use of the property more than twelve years, before demand was duly made on him, without paying or being liable to pay for the use of it, or to pay interest for the proceeds thereof.

*New trial granted.*